## Case No. 16,433.

### UNITED STATES v. TARLTON.

[4 Cranch, C. C. 682.] 1

Circuit Court, District of Columbia. March Term, 1836.

#### LARCENY—COMPETENCY OF WITNESS.

The act of Maryland of 1715, c. 26, § 2, which excludes the owner of stolen goods from being a witness for the prosecution in the county courts is not applicable to prosecutions for larceny in the circuit courts of the ·District of Columbia. This court does not derive any part of its jurisdiction from the laws of Maryland

1 [Reported by Hon William Cranch, Chief Judge.]

which give jurisdiction to their courts. The jurisdiction of this court is given by act of congress.

Indictment [against Lewis Tarleton] for larceny.

Mr. W. L. Brent, for defendant, objected to the testimony of the owner of the stolen goods, because excluded by the act of Maryland 1715, c. 26, § 2, which gives the county courts jurisdiction of "all thieving and stealing of any goods and chattels whatsoever, not being above the value of one thousand pounds of tobacco, (robbery, burglary, and house-breaking excepted,)" and to cause every person "legally convicted of any such thieving and stealing, except before excepted, by testimony of one sufficient evidence, not being the party grieved, before any such county court as aforesaid, by paying fourfold of the value of the goods so thieved or stolen as aforesaid, and the stolen goods returned to the party or parties grieved thereby, and by putting in the pillory and whipping," &c.

By the act of 1785, c. 87, § 7, the jurisdiction of the county courts was extended to all criminal cases, unless particularly directed by law to be tried in the general court.

But THE COURT (MORSELL, Circuit Judge, absent,) overruled the objection; and CRANCH, Chief Judge, said that this court did not derive any part of its jurisdiction from the laws of Maryland which gave jurisdiction to the courts of that state. Our jurisdiction is given by the act of congress. The Maryland act of 1715 was applicable only to the county courts; it was a limitation of their powers only; it did not prevent the owner of the goods from being a witness in the provincial court.